IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY BALAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No.   20-335 |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12).  After careful consideration of the submissions of the parties, and based on my opinion set forth below, I am denying Plaintiff's Motion (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.  Plaintiff filed her applications on July 10, 2017.  Administrative Law Judge ("ALJ"), John Benson, held a video hearing on March 13, 2019.  After the hearing, Plaintiff participated in a consultative examination.   Thereafter, Plaintiff requested a supplemental hearing which was held by video on January 14, 2020.  On March 23, 2020, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 6-2, pp. 16-29).

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity (RFC)[2]

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 15, pp. 3-6). Specifically, Plaintiff suggests that the ALJ erred in his evaluation of her symptoms and in the RFC determination. (ECF No. 10, pp. 9-15) Based on the same, Plaintiff

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).   In this case, the ALJ found Plaintiff had the RFC to perform sedentary work, with certain exceptions.   (ECF No. 6-2, p. 22).

submits that reversal (or alternatively, remand) is warranted.  *Id.* at 18-19.   After a review, I disagree.

First, Plaintiff asserts that the ALJ's statement regarding Exhibit 1F is misleading.  (ECF No. 10, pp. 9-10).   To that end, Plaintiff admits that Dr. Marsh states that Plaintiff is restricted in physically strenuous activity but is able to carry out work of a light or sedentary nature.  She argues, however, that the ALJ failed to mention that Dr. Marsh only saw Plaintiff in consultation.  Therefore, Plaintiff suggests the ALJ's statement is unjustified.  *Id.*  Reading the record as a whole, I am not persuaded that this is a misleading statement, especially given Plaintiff's admission that Dr. Marsh states exactly what the ALJ said.  *See,* ECF No. 6-7, p. 77.

Second, Plaintiff asserts that the ALJ's statement regarding Exhibit 21F (a hospital record that restricts Plaintiff's lifting to no more than 10 pounds) is a "generic instruction [that] any ER would give a patient with acute back pain" and, thus, should not have been relied upon by the ALJ.  (ECF No. 10, pp. 10-11).   I disagree.  To begin with, Plaintiff's assumption that the limitation is a generic limitation for all acute back patients is pure speculation.  It could have restricted Plaintiff to lifting of any amount (*e.g.* from 100 pounds to 0 pounds) but the record specifically indicates a lifting restriction of not greater than 10 pounds.  (ECF No. 6-9, p. 95). Additionally, upon review, Exhibit 21F is a discharge statement from a hospital that says exactly what the ALJ says it says.  (ECF No. 6-9, p. 95).  It was reasonable for the ALJ to cite to such a record.

Furthermore, I note that in making the statements, the ALJ was only referring to those two documents – Exhibits 1F and 21F.  The ALJ does not misquote what the records say and the statements are supported by substantial evidence.  Thus, I am not persuaded by this argument either.

4

Third, Plaintiff suggests that the documents cited by the ALJ to support his statement that treatment notes show no change in gait, decreased coordination in her hands, weakness, or numbness are not borne out in the record such that they cannot constitute substantial evidence. (ECF No. 10, pp. 11-12). Again, after a review of the record, I disagree. While two of the pages cited by the ALJ do not support his statements, the others do. Furthermore, each page cited by the ALJ need not pertain to gait, decreased coordination in her hands, weakness, and numbness. Rather, they can support one, some, or all of the alleged aliments. Additionally, reading his determination as a whole, gait is mentioned in several of the documents listed by the ALJ. (ECF No. 6-2, p. 24). Thus, I find Plaintiff's statement otherwise disingenuous. The ALJ's statements are supported by substantial evidence. Thus, I find no merit to this argument.

Next, Plaintiff argues that the ALJ made a "cursory and inaccurate analysis" of her headaches. (ECF No. 10, pp. 12-13). To that end, Plaintiff suggests that the evidence supports that Plaintiff will miss two or more workdays per month due to her headaches and the ALJ's failure to include the absences from the RFC is a fatal error. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen,* 881 F.2d at 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

5

Nonetheless, I note that the ALJ considered and discussed Plaintiff's headaches at length. (ECF No. 6-2, pp. 16-29.  The ALJ was not required to accept Plaintiff's testimony regarding the same.  Nonetheless, the ALJ did find Plaintiff's headaches warranted a limitation of the RFC, just not the limitations desired by Plaintiff.  *Id.* at pp. 22-27.  The ALJ cited to substantial evidence in support of the same.  *Id.*  Thus, I find no error in this regard.

Plaintiff also essentially argues that the ALJ should not have considered Plaintiff's ability to drive because her ability to drive "should not be determinative" of her ability to work.  (ECF No. 10, p. 13).  Clearly, the ALJ did not find Plaintiff's ability to drive to be "the determinative factor" in deciding whether Plaintiff is disabled as there was a multitude of evidence considered in making his determination.  *See,* ECF No. 10, pp. 16-29.  Plaintiff's suggestion otherwise is without merit. Moreover, consideration of activities of daily living such as the ability to drive a car is reasonable and appropriate.  Therefore, I find no error in this regard.

Plaintiff's last paragraph under this heading argues that had the evidence been "properly considered" there is "more than sufficient [evidence] to support her pain complaints."  (ECF No. 10, pp. 3-13-15).  Again, the standard is not whether there is evidence to establish Plaintiff's position.  *Allen,* 881 F.2d at 39; *Weidow,* 2016 WL 5871164 at *18.  Rather, the question before me is whether substantial evidence supports the ALJ's findings.  *Allen,* 881 F.2d at 39. Therefore, Plaintiff's argument in this regard is misplaced and without merit.

  **C.**  **Evaluation of Medical Evidence**

Plaintiff's argument begins:  "The ALJ has also erred with respect to his analysis of the medical evidence and the weight he assigned to it."  (ECF No. 10, p. 15).  Later, in this section, Plaintiff again states, "[t]he ALJ compounds his errors by completely overlooking or discussing the weight, or lack thereof, he gave to any of the claimant's *treating* physicians."  *Id.* at p. 18. Plaintiff applied for benefits on or after March 27, 2017. For claims filed on or after March 27,

6

2017, the regulations governing the types of opinions considered and the approach to evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c. The new standard differs significantly from the prior regulatory framework. Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a). For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after a medical opinion was rendered. *Id.* at §§404.1520c(c); 416.920c(c). "The most important factors" are supportability [3] and consistency.[4] *Id.* at §§404.1520c(a); 416.920c(a). Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).

---

[3] With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[4] With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

7

Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.  *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).  Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources.  *Id.* at §§404.1520c(d); 416.920c(d).

Upon review of Plaintiff's argument, I find that she applied the incorrect and outdated standard.  Therefore, Plaintiff's submission in this regard is completely misguided.  Applying the appropriate standard in this case, I find I am able to make a proper and meaningful review and that the ALJ's opinion regarding the medical evidence is supported by substantial evidence.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY BALAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No.  20-335 |
| | ) |
| KILOLO KIJAKAZI,[5] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 21st day of September, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[5] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.